UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANGELA HARNER, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:04CV01714 ERW |
| | ) | |
| SARA KAISER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Defendant's Motion for Protective Order [doc. #26] and Plaintiff's Motion to Exclude/Bar Defendant's Expert Witness and for Sanctions [doc. #30]. A hearing was held on December 9, 2005, and the Court heard arguments from the parties on the Motions.

**I.   BACKGROUND FACTS**

This case concerns a claim for personal injuries brought by Plaintiff against Defendant. As a result of an automobile collision on March 28, 2004, Plaintiff underwent medical treatment, including a cervical laminectomy-disectomy performed by Dr. Matthew Gornet on March 8, 2005. Plaintiff timely disclosed Dr. Gornet as a physician she anticipates calling as an expert at trial and also timely disclosed his records.[1] Plaintiff did not provide any other reports or disclosures pursuant to

---

[1] Plaintiff's February 22, 2005 Initial Disclosures state in part:

Medical Provider: Dr. Matthew F. Gornet, Orthopedic Center of St. Louis, 10 Barnes West Drive, Suite 200, St. Louis, MO 63141. Dr. Gornet has knowledge of Plaintiff's physical condition prior to, as a result of, and subsequent to the subject accident. Dr. Gornet has knowledge of the injuries received by Plaintiff as a result of the subject accident, the medical treatment rendered therefore, and medical expenses

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Rule 26. Following Plaintiff's initial disclosures, Defendant sent Plaintiff to Dr. Sandra Tate for an independent medical examination. Dr. Tate was provided with a copy of Dr. Gornet's records.

The parties attended a scheduled mediation on November 15, 2005. During the mediation, counsel for Plaintiff apparently contacted Dr. Gornet. At that time, Dr. Gornet apparently confirmed Plaintiff's contention that she might require future additional surgery. On November 17, 2005, counsel for Defendant received a letter in which counsel for Plaintiff stated that he anticipates Dr. Gornet will testify that Plaintiff will need future additional surgery. The day after receiving the letter, Defendant filed the instant Motion, arguing that Dr. Gornet should be prohibited from testifying at trial, or, in the alternative, that his testimony should be limited to those opinions contained in his medical records, thereby barring testimony regarding the need for any future surgery. Plaintiff opposes the Motion, arguing that she has fully complied with Rule 26(a)(1) and (a)(2)(A) and that

---

associated therewith. Dr. Gornet also has knowledge of his opinions regarding causal connection, permanency, work and/or living restrictions, reasonableness and necessity of past, present and future medical treatment and expenses; past, present and future pain and all elements of damage.

Pl.'s Ex. B. Plaintiff's July 11, 2005 Supplemental Initial Disclosures state in part:

Pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), please be advised that the plaintiff discloses the following physicians and medical personnel as persons who may be used at trial to present evidence under Federal Rules of Evidence 702, 703, or 705:

. . . Dr. Matthew F. Gornet, Orthopedic Center of St. Louis, 10 Barnes West Drive, Suite 200, St. Louis, MO 63141 . . .

The above witnesses have not been retained or specially employed to provide expert testimony in this case and are not employed by any party to this case. For that reason, pursuant to Federal Rule of Civil Procedure 26(a)(2), no submission of a written report is required.

Pl.'s Ex. C.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

she was not required to submit a written report pursuant to Rule 26(a)(2)(B) on behalf of Dr. Gornet because he was not retained or specially employed by any party to this lawsuit.

**II.   DISCUSSION**

The issue here to be resolved usually arises in a personal injury action when a plaintiff hires an expert witness to testify as to her or his opinion or opinions to prove a causal connection between a predicate fact and an ultimate conclusion the plaintiff needs to prove in an effort to make a cause of action.  When the expert surprisingly fails to offer the anticipated opinion at a deposition, the plaintiff attempts to rely on the treating physician to supply the requisite opinion or opinions, after the time for naming of experts and filing of expert reports has expired.  The defendant, predictably relying on Fed. R. Civ. P. 37(c)(1), objects for failure of the plaintiff to comply with Fed. R. Civ. P. 26(a)(2)(B) which provides:

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness **who is retained or specially employed to provide expert testimony in the case** or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness.  The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the date or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B) (emphasis added).

If enforced, Rule 37(c)(1) prevents a party from "us[ing] as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."  The logic of the requirement and proscription is fundamentally sound.  Essentially, the Rules require a party intending to rely on a

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

particular kind of testimony to methodically place the opposing party on notice so that the opposing party may take appropriate responsive action, including retention of an expert to rebut known allegations. Federal discovery practices, when followed and enforced, prevent unfair surprise and facilitate early resolution of disputes. Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), a party is allowed an opportunity to challenge the reliability of an expert witness, and the party should be allowed time to conduct an investigation of the expert, depose him or her, and present a challenge to the trial court. No party should be permitted to seek an advantage by withholding discoverable information while hiding in wait to spring a trap, or to gain an advantage by its own lack of diligence.

Parties seeking relief from inevitable disqualification of a witness frequently futilely rely on language from the *Advisory Committee Notes*, which accompany the Rules, as a safe harbor. As Plaintiff points out, a portion of the *Notes* states:

> The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. **A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.**

Fed. R. Civ. P. 26, 1993 Advisory Committee Notes (emphasis added). The highlighted pronouncement can lead the unwary into a snare. Certainly, a treating physician is permitted to testify as to personal observations in treatment and diagnosis.[2] This statement in the *Notes*, which follows language referencing Fed. R. Evid. 702, can lead the unsuspecting to a false impression that a treating physician can testify as to any manner of opinions. That is a flawed conclusion, except as to limited

---

[2]Indeed, a treating physician's testimony is based on her or his personal knowledge of the treatment and diagnosis of a patient and is not acquired from outside sources.

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

opinions which naturally result from the physician's treatment, if based on her or his personal observations at the time of treatment. Generally, opinions as to causation of trauma, for example, would be excluded by the Rules. Thus, when a treating physician's testimony is based on observations made during the course of treatment, the testimony was not "acquired or developed in anticipation of litigation or for trial," but is instead based on personal knowledge. *See Zurba v. United States*, 202 F.R.D. 590, 591 (N.D. Ill. 2001).[3] Conversely, when a treating physician offers opinions beyond the scope of his or her personal observation and treatment of the patient, he or she is operating as a "retained" expert for purposes of Rule 26(a)(2) and is subject to the Rule's expert report requirement. *See id. See also Lidge v. Sears, Roebuck, & Co.*, 2004 WL 1151986 (W.D. Mo. Apr. 29, 2004) (unpublished) (to extent treating physician testifies only to care and treatment, physician is not subject to written report requirements notwithstanding that physician may offer opinion testimony under Federal Rules of Evidence; but is subject to written report requirements if testimony extends beyond facts disclosed during care and treatment); *Peck v. Hudson City Sch. Dist.*, 100 F.Supp.2d 118, 121 (N. D.N.Y. 2000) (same).

Before the Court is Defendant's request that Dr. Gornet be prohibited from testifying at trial, or, in the alternative, that he be barred from testifying about Plaintiff's need for any future surgery. Dr. Gornet provided Plaintiff with treatment, including a cervical laminectomy-disectomy surgical procedure. Plaintiff argues that Dr. Gornet is not a "retained" expert and therefore falls outside the scope of the Rule. However, Plaintiff's reliance on the distinction between a "retained" and "un-

---

[3]*Zurba v. United States*, 202 F.R.D. 590 (N.D. Ill. 2001), is not binding upon this Court. However, the *Zurba* court was presented with a factual situation quite similar to the one at issue here. The Court finds certain aspects of the *Zurba* court's analysis persuasive, though the Court does not agree with all of that court's conclusions.

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

retained" witness is not dispositive of the Motion.[4]  Instead, the Rule requires that the Court consider the scope of the testimony Dr. Gornet will offer.  As an initial matter, the Court is persuaded that Plaintiff's Initial Disclosures provided adequate notice to Defendant that Dr. Gornet could be called to offer his opinions as to the "reasonableness and necessity of past, present and future medical treatment and expenses."  Thus, Defendant cannot claim to be surprised by Plaintiff's intention to call Dr. Gornet to testify that Plaintiff likely will require additional future surgeries.  Importantly, because Dr. Gornet has not filed an expert report, he may only offer such an opinion if he formed his opinion based on his personal observation and treatment of Plaintiff at the time of treatment.  Therefore, before being permitted to offer any opinion as to Plaintiff's need for future surgery, Dr. Gornet must demonstrate, outside the hearing of the jury, that he formed his opinion as to the need for future surgery based on his personal observation and treatment of Plaintiff at the time of treatment.[5]

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Protective Order [doc. #26] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Exclude/Bar Defendant's Expert Witness and for Sanctions [doc. #30] is **DENIED as moot** because it was **WITHDRAWN** by

---

[4]Retain means "[t]o engage, esp. by payment of a preliminary fee: to retain a lawyer." *The Random House Dictionary of the English Language, Unabridged Edition.*

[5]In her Motion, Defendant makes a brief reference to a further request that the Court prohibit Dr. Gornet from testifying that the automobile accident caused the need for the surgery.  This argument was not addressed at the hearing on this matter and was not addressed in Plaintiff's opposition to the Motion.  The Court has not been advised as to the nature of any testimony from Dr. Gornet on the issue of causation.  In any event, as the Court has already stated, a non-retained treating physician who has not offered an expert report may not offer testimony as to causation.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiff's counsel at the hearing on December 9, 2005.

Dated this 14th day of December, 2005.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com